UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROY LUCAS,

                Petitioner,

-against-

COMMISSIONER OF OFFICE OF MENTAL HEALTH,

                Respondent.

21-CV-10676 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Troy Lucas, who is currently a patient in the Manhattan Psychiatric Center, a New York State facility under the Office of Mental Health, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. By order dated December 17, 2021, the Court granted Petitioner's application to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court denies the petition.

### STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83

(2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## BACKGROUND

Petitioner brings his claims using the court's form, Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody. In response to the question on the form asking him to provide the name and location of the court that entered the judgment of conviction that he is challenging, Petitioner writes "AOT Court (assisted outpatient treatment)." (ECF 2, at 1.) He lists the date of conviction as April 16, 2016, and in response to the question asking for the case number, Petitioner writes, "order to show cause." (*Id.*) He states that the length of his sentence is "six months compliance of medication" and states that "it extends to a year each time." (*Id.*) Where the form asks him to identify the crimes for which he was convicted and sentenced, Petitioner writes, "order to show cause." (*Id.*)

Petitioner alleges that he appealed his conviction to the Supreme Court, where the "result" was "$75,000." (*Id.* at 2.) Where asked to list the citation to his case on appeal, he writes, "section 9.60 of mental hygiene law (Kendras law)." (*Id.*) Petitioner states that he raised the following grounds on appeal: "Dred Scott decision[,] Brown v. Board of education[,] Double Jeopardy[,] abolishment of slavery[,] citizenship[,] freedom of religion[,] taxation[,] no cruel nor unusual punishment." (*Id.*) He alleges that he appealed that decision to the Appellate Division, and writes, "I got star[illegible] off her medication & dismissal of case[,] compliance with medication for six months." (*Id.* at 2-3.) Petitioner further references an action he alleges he filed in this court on October 18, 2021, for which he describes the "nature of the proceeding" as "Crimes against humanity."[1] (*Id.* at 3.)

---

[1] Court records show that on October 13, 2021, Petitioner filed two petitions for a writ of *habeas corpus* in this court, both of which were dismissed and neither of which appears related

Petitioner lists his first ground for relief as "order to show cause." (*Id.* at 5.) In the section of the form asking him to state the facts supporting that ground for relief, Petitioner writes, "[T]his been going on for years now[.] [T]hey cannot show cause I'm acting out by keeping me [sedated] on medication[.] [I]s easy to say the medication is not criminal court psych evaluation." (*Id.*)

Petitioner lists his second ground for relief as "compliance of medication for six months." (*Id.* at 7.) For supporting facts, Petitioner writes, "Dred Scott Decision[,] Brown v. Board of education[,] patriot act?[,] No child left behind act." (*Id.*)

Petitioner lists his third ground for relief as "get off medication." (*Id.* at 8.) As supporting facts, he writes, "Been on too long no cruel nor unusual punishment." (*Id.*)

Petitioner attaches to the petition a January 17, 2020 final order and judgment signed by the Hon. Margaret A. Chan of the Supreme Court of the State of New York, County of New York. (*See id.* at 18.) In the order, Judge Chan found that Petitioner, who was represented by counsel, "continues to meet all the criteria for assisted outpatient treatment set forth in Mental Hygiene Law section 9.60(c); [and] that the assisted outpatient treatment set forth below is the least restrictive treatment that is appropriate and feasible." (*Id.* at 19.) The order further directs "on consent" and "without opposition" that Petitioner receive outpatient treatment for one year from December 19, 2019, and in a section emphasized by asterisks by Petitioner, states that if Petitioner "refuses to take medications are required by court order . . . [the] physician may consider such refusal or failure when determining whether [Petitioner] is in need of an

---

to this petition. *See Lucas v. Comm'r of OMH*, ECF 1:21-CV-8484, 4 (S.D.N.Y. Nov. 16, 2021) (denying petition under 28 U.S.C. § 2254 in which Petitioner appeared to challenge the conditions at Manhattan Psychiatric Center); *Lucas v. Booker*, ECF 1:21-CV-8475, 4 (S.D.N.Y. Nov. 16, 2021) (denying petition under 28 U.S.C. § 2241 in which Petitioner alleged, among other things that "Local Rapper Kevin Booker" infringed on Petitioner's copyrighted material).

examination to determine whether he has a mental illness for which hospitalization is necessary." (*Id.*) Alternatively, the physician or designee "may direct peace officers . . . or police officers . . . [or] sheriff's department to take into custody and transport [Petitioner] to the hospital." (*Id.* at 19-20.)

Petitioner leaves blank the section of the form asking him to state the relief that he seeks. (*See id.* at 15.)

## DISCUSSION

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Thus, to bring a Section 2254 petition challenging a state court conviction, a petitioner must be in custody pursuant to the judgment of the state court. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

Here, Petitioner fails to specify the conviction he challenges or any grounds entitling him to *habeas corpus* relief. Moreover, Petitioner does not state facts suggesting that he is in custody on any conviction. Mindful of the Court's duty to construe *pro se* actions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court has analyzed Petitioner's submission and finds that he is not challenging his custody, but rather a state court order directing that he receive Assisted Outpatient Treatment under Section 9.60 of New York State's Mental Hygiene Law.[2]

---

[2] For a court to order AOT, a petitioner must show by clear and convincing evidence that seven statutory criteria have been met. N.Y. Mental Hyg. Law § 9.60(e)(1), (j)(3). These criteria are that the individual: "is eighteen years of age or older; is suffering from a mental illness; is unlikely to survive safely in the community without supervision; has a history of noncompliance

Because Petitioner does not allege that he is in custody in violation of the Constitution or laws of the United States, the Court denies the petition. If Petitioner seeks to bring a complaint concerning the constitutionality of his placement in an AOT program or the requirements of such program, he is free to file a new civil action.

## CONCLUSION

The Court denies the petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   January 3, 2022
          New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge

---

with treatment for mental illness . . .; is, as a result of mental illness, unlikely to participate voluntarily in outpatient treatment that would enable him to live safely in the community; is in need of AOT to prevent a relapse or deterioration that would be likely to result in serious harm to himself or others; and is likely to benefit from AOT." § 9.60(c). Section 9.60 "requires that a judicial hearing be held before such an order issues and permits a patient to seek review before a second justice of the New York Supreme Court and a jury." *Coleman v. State Sup. Ct.*, 697 F. Supp. 2d 493, 511 (S.D.N.Y. Mar. 17, 2010). Courts have held that Section 9.60 "plainly comports" with federal due process requirements. *Id.*; *see, e.g.*, *Rollins v. Mental Health & Hosp.*, No. 16-CV-2855, 2016 WL 10570982, at *2-3 (S.D.N.Y. July 5, 2016).